IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

|  |  |
|---|---|
| **BRIGGETTE SMITH,** | : |
| **Plaintiff,** | : CIVIL ACTION NO.: 1:15-cv-02925 |
|  | : COMPLAINT |
| v. | : |
|  | : JURY TRIAL DEMANDED |
| **MAXIM HEALTHCARE SERVICES, INC.** | : |
|  | : |
| **Defendant.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Briggette Smith, by and through the undersigned attorneys, hereby brings this Complaint against Defendant, MAXIM HEALTHCARE SERVICES, INC., and states as follows:

1. Plaintiff contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"), by knowingly suffering or permitting Plaintiff to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one-and-one-half times the regular rate.

2. Plaintiff seeks a declaration that Plaintiff's rights have been violated, an award of unpaid wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs to make Plaintiff whole for damages suffered, and to ensure that Plaintiff and future workers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION AND VENUE

3. This Court has federal question subject-matter jurisdiction over Plaintiff's FLSA claim as it is based on a federal statute, 29 U.S.C. §§ 201, *et seq.*

4. Venue is proper in the United States District Court for the District of Maryland

pursuant to 28 U.S.C. § 1391(a) because Maxim resides in Maryland as a Maryland Corporation, and a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

### A. Plaintiff

5. Plaintiff was employed by Defendant during times material to this Complaint and currently resides at 847 Steward St., Rochester, NY 14611.

6. Plaintiff worked for Defendant as a Certified Nursing Assistant ("CNA") from October 11, 2010 to the present date.

7. Plaintiff regularly worked over forty (40) hours per week while employed by Defendant and generally spent over 20% of her time worked performing general housekeeping duties (as opposed to patient care).

8. During relevant times, Defendant paid Plaintiff a straight hourly rate of approximately $13.00 per hour for all hours worked and failed to pay overtime wages at one-and-one-half times that hourly rate when Plaintiff worked more than forty (40) hours per week. See Plaintiff's Fact Sheet (attached as Exhibit A) for more specific details about her job duties, hours worked, and time spent performing housekeeping tasks.

9. Plaintiff filed a Consent to Sue in *Lawrence v. Maxim Healthcare Services, Inc.*, 1:12-cv-02600-CAB, United States District Court, Northern District of Ohio Eastern Division, on December 16, 2013, which was decertified by joint stipulation on March 25, 2015 and Plaintiff's claims tolled for sixty (60) days.

### B. Defendant

10. Defendant is a large and sophisticated Maryland corporation which, through hundreds of office locations nationwide, provides in-home personal care, management and/or

treatment of a variety of conditions by nurses, therapists, medical social workers, and home health aides. See http://www.maximhealthcare.com/services/.

11. Defendant holds itself out as "committed to the highest standards of ethics and integrity and has an ongoing commitment that business is conducted in accordance with applicable laws, standards, and sound ethical business practices." http://www.maximhealthcare.com/about-us/. (Last visited May 18, 2015).

## GENERAL ALLEGATIONS

**Plaintiff**

12. Throughout employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week in the homes of Defendant's clients to whom she was assigned by Defendant to provide domestic services which at times included general household work. The work routinely performed, for example, included: meal preparation and service; cleaning the kitchen, stove, refrigerator and other rooms; shopping for groceries and other items; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out trash; errands outside of the home; attending medical and other appointments; personal hygiene care; and mobility exercises. (See Exhibit A).

13. At all times material to this Complaint, Defendant paid Plaintiff her straight hourly rate for all hours worked and failed to pay Plaintiff overtime wages at one-and-one-half times the regular hourly rate when Plaintiff worked more than forty (40) hours per week.

**Defendant**

14. It has been Defendant's policy not to pay its HHAs[1] and CNAs overtime at a rate

---

[1] Defendant uses various job titles for what amounts to the equivalent title of HHA and CNA, including Caregiver, Certified Home Health Aide ("CHHA"), Centrus CHHA, Certified/Registered Nursing Assistant, Companion, Companion Caregiver - Comp Svc, Daily Living, Direct Care Worker PA Spec, Direct Support Worker, In-Home Respite Wkr Companion, Nursing Assistant, Nursing Assistant Registered, Personal Care Assistant ("PCA"),

of 150% of the HHAs' and CNAs' regular hourly rate for approximately 25 years, following its decision to classify its HHA and CNAs as exempt employees under the FLSA, pursuant to the Companionship Exemption.

15. Defendant's decision to classify HHAs and CNAs as exempt under the Companionship Exemption of the FLSA was not based on any written administrative regulation, order, ruling, approval, or interpretation, of the Administrator of the Wage and Hour Division of the Department of Labor.

16. Defendant made no individualized assessment as to Plaintiff when deciding to classify her as exempt at the time of hiring.

17. Defendant did not make any individualized assessment as to Plaintiff's job duties, the amount of time spent performing general housekeeping activities, and whether general housekeeping activities were being performed for non-clients living within the residence, for purposes of the Companionship Exemption.

18. Defendant assigned work to Plaintiff, and allowed Plaintiff to perform or was generally aware Plaintiff engaged in, work that included both exempt and non-exempt duties.

19. Defendant assigned work to Plaintiff, and allowed Plaintiff to perform or was generally aware Plaintiff engaged in, work that rendered fellowship and related companionship services to Defendant's clients to less than 80%, of her time per week.

20. Defendant assigned work to Plaintiff that included providing general housekeeping services to Defendant's clients and to other persons/family members who reside in client's homes but who are not Defendant's clients.  The majority of Plaintiff's time per week

---

Personal Care Assistant Homemaker, Personal Care Provider, and Respite Worker. These job titles will be referred to as "HHAs or CNAs."

consisted of performing non-exempt work, i.e. general housekeeping services for the patient, or work performed for non-patient people in the home.

21. Defendant provided instructions to its HHA's on the scope of work to be performed during her employment, and through its supervisors (called recruiters) Defendant supervised the work being performed.

22. Defendant instructed Plaintiff to do "whatever it takes" to keep its clients happy.

23. Defendant provides its HHAs a "Plan of Care" for each client it assigns to them.

24. Defendant requires its HHAs to complete and submit a "Weekly Note" detailing the time they arrived and departed a client's home, and the tasks they performed under the headings of Bathing, Personal, Mobility, Housekeeping, Nutrition, and Toileting/Elimination.

25. Through all the above, and its expertise in providing companionship services and home healthcare services, Defendant knew or should have known that, under 29 C.F.R. § 552.6, the "companionship services" exemption does not apply to an employee who performs general housekeeping activities where those activities "exceed 20 percent of the total weekly hours worked."

26. As a result of Defendant's conduct alleged herein, Defendant cannot support a claim that its violation of the FLSA as to the Plaintiff was in good faith and/or that it had a reasonable grounds for believing that its act or omission was not a violation of the FLSA.

27. In reckless disregard of the FLSA, and the work being performed by its HHA's and CNAs, Defendant adopted and then adhered to a policy and plan of classifying Plaintiff as exempt from the overtime pay requirements of the FLSA.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*.
## FAILURE TO PAY OVERTIME WAGES

28.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

29.     At all times relevant to this action, Defendant is an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

30.     Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

31.     At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

32.     Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

33.     The positions of HHA and CNA are not exempt from the FLSA.

34.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(g).

35.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

36.     Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

37.     Upon information and belief, Defendant has corporate policies of evading overtime pay for its hourly workers.

38.     Defendant's violations of the FLSA were knowing and willful and not in good

faith.

39.   By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

40.   The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to unpaid overtime wages plus an equal amount in liquidated damages, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff requests the following relief:

a.   Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

b.   Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of forty (40) hours per week;

c.   Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff;

d.   Awarding reasonable attorney fees and costs incurred by Plaintiff in prosecuting this action;

e.   Awarding pre- and post-judgment interest to Plaintiff on these damages; and

f.   Such further relief as this court deems appropriate.

## JURY DEMAND

41.   Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated: September 28, 2015            Respectfully submitted,

*/s/ G. Tony Atwal*
G. Tony Atwal (MD Bar No. 13574)
Timothy J. Becker (Admitted Pro Hac Vice)
**JOHNSON BECKER, PLLC**
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Telephone: (612) 436-1800
Facsimile: (612) 436-1801
tatwal@johnsonbecker.com
tbecker@johnsonbecker.com

Robert E. DeRose (MD Bar No. 803618)
Robi J. Baishnab (MD Bar No. 13913
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
rbaishnab@barkanmeizlish.com

Jason J. Thompson (MD Bar No. 13428)
Neil B. Pioch (MD Bar No. 13488)
Jesse L. Young (Pro Hac Vice Anticipated)
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, Suite 1700
Southfield, MI  48076
Telephone: (248) 355-0300
Facsimile: (248) 864-7840
jthompson@sommerspc.com
npioch@sommerspc.com
jyoung@sommerspc.com

Carlos Leach *(Pro Hoc Vice Anticipated)*
**MORGAN & MORGAN, P.A.**
20 North Orange Avenue, Suite 1400
Orlando, FL 32802
Telephone: (407) 420-1414
Facsimile: (407) 245-33414
CLeach@forthepeople.com

*Attorneys for Plaintiff*